**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HEATHER HAVENS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, *et al.*, <br><br> Defendants. | No. 1:26-cv-816-LLA |

## DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT

Defendants respectfully move for a 60-day extension of time to respond to Plaintiffs' complaint, from May 19 to July 20. As good cause for this request, which Plaintiffs oppose, Defendants offer the following.

*First*, an extension may well prevent duplicative litigation. Plaintiffs' complaint seeks to revive the Saving on a Valuable Education (SAVE) student loan forgiveness plan. But their complaint was mooted the day after it was filed by an order in another court vacating the SAVE Plan Final Rule—a decision this Court may not review. *See* Order Granting Final Judgment, *Missouri v. Trump*, No. 4:24-cv-520 (E.D. Mo. Mar. 10, 2026), ECF 102; *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). Three days later, Plaintiffs moved to intervene in *Missouri* and asked that court to undo its vacatur. By filing that motion, Plaintiffs conceded *Missouri* is the main event. In fact, *Missouri*'s outcome is so central to their complaint (which must be amended or dismissed unless Plaintiffs obtain relief in that separate case) that an *indefinite* stay of this case would be justified. For now, an extension is enough.

*Second*, the balance of equities favors an extension. Defense counsel is juggling a congested docket and is booked for the next two months. Plaintiffs say they want a quick response because three of them are enrolled in SAVE and Defendants will begin moving them to new repayment plans in July. But that begs the question: unless and until Plaintiffs obtain relief in other pending litigation, SAVE no longer exists.

1

## BACKGROUND

In 2023, Defendant U.S. Department of Education (ED) created the "Saving on a Valuable Education" (SAVE) student loan repayment plan. ED created SAVE through the final rule titled *Improving Income Driven Repayment for the William D. Ford Federal Direct Loan Program and the Federal Family Education Loan (FFEL) Program*, 88 Fed. Reg. 43,820 (July 10, 2023) (the SAVE Plan Final Rule). Plaintiffs are four student loan borrowers who either are enrolled in, or wish to enroll in, the SAVE Plan. *See* Compl. ¶¶ 79, 90, 98 (Plaintiffs Havens, Robeson, and Grunseth are enrolled in SAVE); ¶ 86 (Plaintiff Boykin wants to enroll in SAVE).

In April 2024, several states sued ED to challenge the SAVE Plan. *Missouri v. Trump*, No. 4:24-cv-520-JAR (E.D. Mo. filed Apr. 9, 2024). In February 2025, the Eighth Circuit ordered the district court to enter a universal preliminary injunction (PI) against the Final Rule. 128 F.4th 979, 997 (8th Cir. 2025). While the PI was in place, the parties jointly requested that the district court vacate (most of) the Final Rule and enter final judgment, as the Eighth Circuit had already resolved the core merits issues against the Government. *Missouri*, ECF 91.

On February 27, 2026, the *Missouri* district court dismissed the case as moot in lieu of entering final judgment. *Missouri*, ECF 94. The state plaintiffs applied for a stay pending appeal.

On March 9, 2026, the *Havens* Plaintiffs filed this lawsuit. They argued that *Missouri*'s dismissal legally dissolved that case's PI against the SAVE Plan Final Rule, thereby requiring ED to revive the SAVE Plan. *See* Complaint ¶¶ 48, 75, *Havens*, ECF 1.

Later that day, the *Missouri* state plaintiffs alerted the Eighth Circuit that without emergency relief, this Court could order ED to "forgive student loans under an administrative rule that [the Eighth Circuit] already determined to be unlawful." Notice of Supplemental Authority under Rule 28(j), *Missouri v. Trump*, No. 26-1394 (8th Cir. filed Mar. 9, 2026), Entry ID No. 5616220.

Within hours, the Eighth Circuit responded by summarily reversing the district court's dismissal of the case. It immediately issued the mandate and ordered the district court to enter final judgment as requested by the parties, which took place the next day. *Missouri*, ECF 100-102.

On March 13, 2026, the *Havens* Plaintiffs moved to intervene in *Missouri*. They proposed

moving for reconsideration, telling the district court that the Eighth Circuit had committed a "manifest error of law" by vacating the SAVE Plan. *Missouri*, ECF 104, 106-1 at 18-21. The motion was fully briefed on April 6, 2026, and is pending.

## ARGUMENT

This case plainly warrants an extension. *First*, judicial economy supports an extension, as the *Missouri* court is still considering Plaintiffs' pending motion to intervene. The Complaint's legal conclusions assume that the SAVE Plan Final Rule is still in effect. Regardless of whether that was true at the time of filing, it is not true now, and it is likely to stay that way—in which case Plaintiffs will need to amend or dismiss their complaint. In any event, the parties in this case (which are also litigating in *Missouri*) should be allowed to brief this case without the uncertainty of the *Missouri* decision hanging over their heads. *Second*, the equities support an extension. Defendants should not have to waste time moving to dismiss a complaint that Plaintiffs should amend or dismiss anyway. Here, the prejudice is particularly acute, given defense counsel's tight schedule in the next two months. Plaintiffs' only allegation of prejudice assumes they will win in *Missouri*, which is (if anything) an argument for staying briefing in this case pending the outcome of Plaintiffs' motion practice in *Missouri*—not an argument for moving forward now.

## I.     The Court Should Continue (or Even Stay) This Case for Judicial Economy, Because *Missouri v. Trump* Has Priority

There is no reason to brief this case now, while Plaintiffs' attempt to overturn the final judgment in *Missouri* remains pending. The Complaint hinges on the Eastern District of Missouri's dismissal of the *Missouri* suit, which the Eighth Circuit summarily reversed two weeks later. And it is black-letter law that "[a] federal district court lacks jurisdiction to review decisions of other federal courts." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). That means Plaintiffs' litigating decisions in this case are largely contingent on what happens in *Missouri*. If they are allowed to intervene in *Missouri*, then the parties should focus on briefing Plaintiffs' proposed motion for reconsideration in that action. If they are not allowed to intervene in *Missouri* and they appeal, then the parties should focus on briefing the appeal. If they are not allowed to intervene in *Missouri* and

3

they do not appeal, then they will almost certainly have to amend (or dismiss) their complaint. This uncertainty prejudices Defendants. Without a stay, they will be stuck in limbo, briefing a complaint whose merits are largely contingent on the decisions of a different court. The Complaint's three counts each make little sense unless SAVE still exists:

- Count One (Compl. ¶¶ 115-121) says ED "has a mandatory statutory and regulatory duty to fully implement the SAVE Final Rule" and "to offer borrowers access to the SAVE Plan."

- Count Two (Compl. ¶¶ 122-127) says ED is acting arbitrarily and capriciously by denying Plaintiffs' requests "for loan discharge under SAVE" and "for IDR buy back" [another component of the SAVE Plan Final Rule] and by telling Plaintiffs that "SAVE plan enrollment and discharge were not available" and that "the SAVE Final Rule is enjoined."

- Count Three (Compl. ¶¶ 128-133) says that for the same reasons, ED has acted in excess of statutory authority or limitations.

Again, these contentions are largely premised on the SAVE Plan's continued existence, which in turn is dependent on *Missouri*. That contingency would support even an indefinite stay of briefing, so it certainly justifies a fixed-length extension—"even if the decision is unlikely to dispose of this matter altogether." *United States ex rel. Vermont Nat'l Tel. Co. v. Northstar Wireless, LLC*, 2017 WL 11898169, at *3 (D.D.C. Mar. 2, 2017); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (court may stay case even if the two cases are not "identical"); *Bridgeport Hosp. v. Sebelius*, 2011 WL 862250, at *1 (D.D.C. Mar. 10, 2011) (same). A limited 60-day extension balances moving the ball forward in this Court while letting the main case proceed to an orderly conclusion.

At the very least, the *Missouri* decision "seems likely to provide certainty" as to the future of the SAVE Plan. "Absent that certainty, if this matter were permitted to proceed at this time," briefing issues that may be superseded by amended pleadings "would waste both the litigants' and the Court's resources." *Vermont National*, 2017 WL 11898169, at *3.

For these reasons, Defendants respectfully move for a 60-day extension of time to respond to Plaintiffs' complaint (and reserve the right to move for a further extension or stay, depending on further developments in *Missouri*).

## II.     The Balance of Equities Favors an Extension

### A.     The Current Briefing Schedule Prejudices Defendants by Making Them Brief Facts That No Longer Exist

Through their efforts in *Missouri*, Plaintiffs hope to restore the status quo of March 9, when they filed their complaint. But right now, the SAVE Plan does not exist, and Plaintiffs need to amend (or dismiss) the Complaint to reflect that. If Defendants move to dismiss right now, there's a good chance that the parties will never finish briefing that motion. If Plaintiffs win in *Missouri* while the motion is pending, Defendants will probably need to write a new motion. If Plaintiffs lose in *Missouri* while the motion is pending (or the Court does not rule on the motion by Plaintiffs' deadline to file their opposition), Plaintiffs will have to amend their complaint under Rule 15(a)(1)(B), and Defendants will probably need to write a new motion. In short, the motion Plaintiffs are insisting that Defendants file (by withholding their consent for an extension) is a pointless formality.

A party shows prejudice by identifying "litigation costs based on engaging in potentially duplicative or unnecessary" legal work that a parallel proceeding may "obviate[.]" *Allen v. District of Columbia*, 2024 WL 379811, at *5 (D.D.C. Feb. 1, 2024). Here, by refusing to amend their facially defective complaint (or to at least delay briefing so that *Missouri* can play out), Plaintiffs are pushing Defendants to move based on a dead theory of the case. Plaintiffs could then use their one free amendment and force Defendants to brief a completely new theory in fourteen days. *See* FED. R. CIV. P. 15(a)(1)(B), (a)(3). It's one thing for a plaintiff to amend their complaint in response to points made in a motion to dismiss that they may not have considered in the first place. But it's another thing for a plaintiff to make the defendant brief against a complaint that is facially deficient. The Court should at least give Defendants a chance to brief the case on solid ground, after the dust has (hopefully) cleared in *Missouri*.

Plaintiffs' strategy is especially prejudicial to Defendants, whose counsel is juggling deadlines in cases that are *not* contingent on proceedings in other courts. Counsel's "heavy caseload" is good cause for an extension. *Caison v. DeJoy*, 2024 WL 156780, at *3 (D.D.C. Apr. 11, 2024) (AliKhan, J.); *see also McFadden v. WMATA*, 2014 WL 12776122, at *2 (D.D.C. Sept. 9, 2014) (granting extension

because of defense counsel's "responsibilities in other cases that do not involve the plaintiff."). And here, the caseload weighs heavy:

| Date | Issue | Case |
|------|-------|------|
| May 4 | MTD | *Legal Eagle, LLC v. NARA*, No. 8:26-cv-920 (D. Md.) |
| May 5 | PI hearing | *American Historical Ass'n v. Trump*, No. 1:26-cv-1169 (D.D.C.) |
| May 16 | Wedding | |
| May 19: Current response deadline in this action | | |
| May 25 | Reply ISO MTD | *National Digital Inclusion All. v. Trump*, No. 1:25-cv-3606 (D.D.C.) |
| June 1 | Reply ISO MTD | *Legal Eagle, supra* |
| June 8 | MTD | *American Historical Association, supra* |
| June 9: Projected reply brief deadline in this action | | |
| June 11 | Cross-MSJ | *Project on Gov't Oversight v. NARA*, No. 1:23-cv-2564 (D.D.C.) |
| June 20 | Wedding | |
| June 29 | Reply ISO MTD | *American Historical Association, supra* |
| July 23 | Reply ISO MSJ | *Project on Government Oversight, supra* |

All things considered, given undersigned counsel's caseload, there is particularly little reason to waste time on a motion that may never be fully briefed.

### B.    Plaintiffs Suffer No Prejudice from an Extension

Plaintiffs will not suffer any harm if the Court delays Defendants' deadline to respond to the complaint by 60 days. They have no pending motions and have not filed any briefs. Opposing counsel asserts only that briefing must go forward because Defendants intend to move three of the four Plaintiffs off the SAVE Plan starting in July.

Briefing on what? Plaintiffs Havens, Robeson, and Grunseth will remain enrolled in SAVE until they apply for or are administratively moved to another repayment plan. But the SAVE Plan Final Rule has been (mostly) vacated by an order of another court, which this Court cannot modify. As a result, notwithstanding the fact that they are technically enrolled in SAVE, the three Plaintiffs cannot make qualifying payments towards a loan discharge under SAVE and cannot receive loan discharges under SAVE. Plaintiffs' claim of prejudice assumes that they will win in *Missouri*. But they have not asked Judge Ross to expedite his decision in *Missouri*, so their appeal to speed in *this* case rings hollow. If there is some kind of relief that depends on Plaintiffs not being moved to an operative

6

repayment plan this summer, they should amend their complaint to identify that relief.

In short, as long as the SAVE Plan Final Rule is off the books, there is no reasonable basis to brief this case unless Plaintiffs first amend their complaint, and articulate whatever legal theory (if any) might possibly survive the developments in *Missouri*.

## CONCLUSION

Defendants respectfully ask the Court to extend their deadline to respond to Plaintiffs' complaint by 60 days, to July 20, 2026.

Date:   April 21, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MICHELLE R. BENNETT
Assistant Branch Director
Federal Programs Branch

*/s/ Winston Shi*
WINSTON SHI (NY Bar No. 5747068)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: 202-880-0387
Email: winston.g.shi@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

The Department of Justice electronically filed this document today, April 21, 2026, by the Court's CM/ECF system. This document was distributed via that system.

/s/ *Winston Shi*
Winston Shi