**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

HEATHER HAVENS, *et al.*,

               Plaintiffs,

           v.

U.S. DEPARTMENT OF EDUCATION, *et al.*,

               Defendants.

No. 1:26-cv-816-LLA

### DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT

Plaintiffs concede the most important point in this case: that the Eastern District of Missouri vacated the SAVE Plan Final Rule after they filed this suit to enforce that rule. *See* Opposition to Motion for Extension (Opp.) at 5, ECF 10. The Complaint thus seeks forward-looking injunctive relief based on a now-vacated rule, and awarding that relief would require this Court to "review decisions of other federal courts." Motion for Extension (Mot.) at 4, ECF 8 (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)). Plaintiffs do not meaningfully engage with this point. Instead, they argue that the premise of Defendants' extension request is invalid, because a dispositive motion is the *only* procedurally valid vehicle in which to discuss a merits question. *See* Opp. at 1-3. That is wrong. Plaintiffs sued to enforce a rule. That rule is now gone. And it will come back only if the Eastern District of Missouri (presumably after an appeal to the Eighth Circuit) undoes its final judgment in a separate case in which Plaintiffs are currently seeking to intervene. Mot. at 3-4. To the extent these issues go to the merits of the case, that is because the Eighth Circuit's decision (which Plaintiffs are vigorously trying to overturn) affects the merits of this case. There's nothing wrong with identifying the facial deficiencies in the Complaint when seeking more time to respond to it so that Plaintiffs can amend their Complaint to account for them.

Plaintiffs' reliance on *Pinson v. DOJ*, No. 1:12-cv-1872-RC (D.D.C. filed June 30, 2015), ECF 217, is thoroughly misplaced. *See* Opp. at 2-3. Judge Contreras did not say that a court may never

peek ahead to the merits in an extension motion. There, a *pro se* FOIA plaintiff challenged the agency's withholdings and argued that his opposition to the agency's motion for summary judgment should be deferred until the agency submitted a *Vaughn* index. That argument could readily be folded into the opposition the plaintiff was seeking to defer, and Judge Contreras correctly recognized that the extension request was unnecessary. Here, Plaintiffs are currently trying to overturn the status quo that controls this case in a different court, so briefing the *dispositive motion* right now, in this Court, would be a waste of time.

Plaintiffs say the outcome of their intervention effort in *Missouri* doesn't matter because, even if they fail to overturn *Missouri*, this Court can still award them forward-looking injunctive relief based on a rule that no longer exists. Opp. at 5. They provide no authority for that position. In fact, six weeks ago, they told a completely different story in *Missouri*: "[t]he SAVE [Plan] Final Rule was the sole legal source of each Proposed Intervenor's entitlement to the [student loan] benefits," "[t]here is no alternative regulation through which Proposed Intervenors can vindicate these interests," and "Proposed Intervenors have no recourse outside of [the *Missouri*] proceeding." Memorandum in Support of Granting Motion for Leave to Intervene at 17-18, *Missouri v. Trump*, No. 4:24-cv-520-JAR (E.D. Mo. filed Mar. 13, 2026), ECF 105-1, attached as **Exhibit A**. What changed? Only the forum.

Separately, Defendants explained in their extension motion that, if they "move to dismiss right now, there's a good chance that the parties will never finish briefing that motion," because "Plaintiffs will have to amend their complaint under Rule 15(a)(1)(B), and Defendants will probably need to write a new motion." Mot. at 5. Plaintiffs do not seem to disagree. Given these circumstances, and the workload of Defendants' counsel, Defendants have presented good cause for a 60-day extension of time to respond to the Complaint.

On the other hand, Plaintiffs' claims of prejudice from an extension are self-inflicted. They insist they need relief from this Court by July, but they still have not moved for an expedited decision in *Missouri*, the natural forum for the relief they seek. *See id.* at 6. And they are delaying in this Court: they could fast-track any new issues created by the *Missouri* vacatur by seeking leave to amend, but they have not.

In any event, Plaintiffs' claims of prejudice contradict their own theory of the case. The Opposition suggests that Plaintiffs became entitled to SAVE Plan loan discharges—backdated to before 2026 and thereby tax-free—by operation of law as soon as Judge Ross dismissed *Missouri v. Trump* on February 27, 2026. *See* Opp. at 5 ("If the *Missouri* court [denies Plaintiffs' motion to intervene], Defendants still must answer the same question [in this Court]" of "why they did not provide benefits when requested by borrowers who were legally entitled to them…."). If so, then the precise date this case is decided is irrelevant, and the precise repayment plan Plaintiffs happen to be enrolled in when this Court issues its decision is irrelevant. And there would be no legal consequences if Plaintiffs were administratively transferred to a different repayment plan after July 2026. Thus, under Plaintiffs' theory of the case, an extension will not affect their legal rights.

Accordingly, Defendants respectfully ask the Court to extend their deadline to respond to Plaintiffs' complaint by 60 days, to July 20, 2026.

Date:   May 5, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MICHELLE R. BENNETT
Assistant Branch Director
Federal Programs Branch

*/s/ Winston Shi*
WINSTON SHI (NY Bar No. 5747068)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: 202-880-0387
Email: winston.g.shi@usdoj.gov

*Counsel for Defendants*

3

**CERTIFICATE OF SERVICE**

The Department of Justice electronically filed this document today, May 5, 2026, by the Court's CM/ECF system. This document was distributed via that system.

*/s/ Winston Shi*
Winston Shi