**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HEATHER HAVENS, *et al.,*<br><br>　　　*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, *et al.,*<br><br>　　　*Defendants*. | Civil Action No. 1:26-cv-816-LLA |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS**
**IN SUPPORT OF THEIR MOTION FOR A PRELIMINARY INJUNCTION AND STAY**

Plaintiffs respectfully move for leave to file the Supplemental Declarations of affected borrowers, attached as Exhibits 1 through 5, in support of Plaintiff's Motion for Preliminary Injunction and Stay, ECF No. 19. In support of this motion, Plaintiffs state:

1.　　　The declarations are limited in scope. Each describes the declarant's individual circumstances as they bear on the balance of equities and the public interest – factors already briefed in Plaintiffs' motion. See Pls.' PI Mem. at 20–23, ECF No. 19-1. The declarations raise no new claims or legal arguments and are offered solely in support of the pending motion.

2.　　　The declarations concern facts not available to Plaintiffs when they filed their motion. Since that filing, the Department's online IDR application at StudentAid.gov has presented borrowers with the Repayment Assistance Plan as a selectable option while providing no means to request the REPAYE plan, see Suppl. Robeson Decl. ¶¶ 6–7, ECF No. 22, and the Department has begun notifying certain borrowers that they must select a new repayment plan within 90 days. Borrowers affected by these developments have contacted Plaintiffs' counsel with information Plaintiffs did not have when the motion was filed. The declarants describe the effect of these developments on their own loans and repayment decisions.

3.      Leave will not prejudice Defendants or disturb the schedule. Plaintiffs file this motion before Defendants' opposition is due on July 14, 2026, so Defendants may address the declarations in that filing. Plaintiffs seek no change to the briefing schedule and would not oppose a reasonable request by Defendants for a short filing limited to responding to the declarations, should Defendants believe one necessary.

4.      Pursuant to Local Civil Rule 7(m), counsel for Plaintiffs conferred with counsel for Defendants regarding this motion on July 10, 2026. Defendants oppose the relief requested. In discussion, Defendants' counsel also opposed consenting to the motion when offered the opportunity for their own supplemental brief on the declarations filed by July 22. Defendants provided the following statement summarizing their position:

> ED opposes Plaintiffs' motion unless Plaintiffs push back the briefing schedule by one week. ED's PI opposition is due in two business days under the briefing schedule the Court entered ten days ago. Plaintiffs' motion would effectively deny ED a proper opportunity to respond.

> Even if Plaintiffs' five new declarants do not add new claims or legal arguments, Plaintiffs are still injecting five new borrowers into this four-borrower case, forcing ED to respond to over twice as many fact-specific contentions. Federal Student Aid would need to calculate the declarants' hypothetical loan payments under four or five different plans, identify their effective dates of discharge under one theory or another, and assess any countervailing considerations. That can be (and for Plaintiffs, has been) a tedious and time-consuming process. ED advises that even if you file the declarations today, ED most likely cannot obtain a formal response from FSA until Monday, July 20.

ED further objects to Plaintiffs' proposal of a supplemental brief. Filing multiple briefs would be inefficient, and the opportunity to file a supplemental brief does not change the fact that Plaintiffs could and should have alerted ED to the new declarations much earlier than today. As for this specific brief, counsel for ED already has two briefs due on the week of July 20, so even if ED receives the opportunity to file a supplemental brief after July 20, Plaintiffs' untimely request would still be inconvenient and prejudicial.

5.    As previously communicated to Counsel, Plaintiffs would not object to Defendants filing a short supplemental brief focused on the facts raised in these declarations before July 22. The declarations do not provide any new legal argument and are narrowly focused on evidence supporting Plaintiffs' Motion for Preliminary Injunction and Stay. Even if it would take a full week for the Department of Education to provide information about five declarants to Counsel, two additional days to draft a short supplemental brief focused on the facts raised in these declarations is sufficient time to respond. In fact, the twelve days Plaintiffs offered for a supplemental brief is longer than the one-week extension to the briefing schedule Defendants requested. In any case, a supplemental brief would not be inefficient as it does not require any duplicative legal or factual analysis from their other filings. Finally, while Defendant's position is that it would need a weeklong extension for the briefing, the result could delay the resolution of the Motion for Preliminary Injunction and Stay by more than two weeks. Defendant's counsel has already informed the court in joint scheduling emails with chambers that it is not available for a hearing on the week of August 3 or early the week of August 10.

6.      Plaintiffs could not have provided these declarations sooner. All are executed today, July 10 and they describe declarant interactions with the Department's own systems occurring July 6-10. Interactions that were either 1) not possible prior to July 1 because the Repayment Assistance Plan did not exist as an enrollable option until its July 1, 2026, or 2) motivated by direct communications from Defendants on July 1, notifying them that they had 90 days to change repayment plans.

A proposed order is attached.

Date:   July 10, 2026                                Respectfully submitted,

*/s/ W. Austin Hinkle*
William Austin Hinkle
D.C. Bar No. 90043756
Public Goods Practice LLP
1502 W 7th St. STE 100
Erie, PA 16502

Paul Mayer (admitted pro hac vice)
D.C. Bar No.1671773
Public Goods Practice LLP
1717 N Street NW STE 1
Washington, DC 20036

*Counsel for Plaintiffs*