**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| HEATHER HAVENS, *et al.,* |
| *Plaintiffs*, |
| v. |
| U.S. DEPARTMENT OF EDUCATION, *et al.,* |
| *Defendants*. |

Civil Action No. 1:26-cv-816-LLA

**DECLARATION OF JESSICA A. SOUTHERN**

I, Jessica A. Southern, declare as follows:

1.      I am over the age of 18 and competent to make this declaration. The facts stated here are based on my own personal knowledge, and if called to testify I could and would testify to them.

2.      I live in Pensacola, Florida.

3.      I am a freelance artist and caregiver for my family.

4.      I borrowed approximately $24,028 in federal student loans between 2002 and 2006 for my undergraduate education at the Maryland Institute College of Art and have a current balance of approximately $17,244.

5.      My federal student loans are now serviced by Missouri Higher Education Loan Authority (MOHELA).

6.      Because I am not a "new borrower" as the PAYE and New IBR plans require, I am not eligible for the PAYE or New IBR repayment plans or their benefits.

7. I enrolled in the SAVE repayment plan in August 2023 and have remained enrolled since then. Since approximately July 2024, my loans have been in forbearance in connection with the litigation over the SAVE plan.

8. Based on the Department of Education's IDR payment counter, I believe I have reached the 240 qualifying payments toward IDR discharge. These are enough payments to satisfy the requirement for discharge based on 20 years of payments on undergraduate under REPAYE.

9. Despite this, the Department has not acted on the discharge that I have earned.

10. There is no other repayment plan available to me with a 20-year loan discharge timeline. If I do not have access to REPAYE, I will face at least 5 additional years of repayment.

11. I expect to receive my notice from MOHELA stating that I must choose a new repayment plan within 90 days, or I will be moved into a different plan automatically.

12. On July 9, I logged into my studentaid.gov account and completed the repayment calculator. Based on that calculation, the lowest monthly payment I am eligible for which would still accrue credit toward discharge is the ICR plan with a monthly payment of $156. Even if my payments never went up, I would be forced to pay an additional $9,360 over five years before reaching IDR loan discharge.[1]

13. I made decisions about my home, career, other debts, and caregiving for my family in reliance on receiving the forgiveness after 20 years of payments.

14. The years of additional repayment, unaffordable monthly payments, and thousands in new and capitalized interest would cause lasting hardship and financial harm for me and my family, including impacting my ability to remain a caregiver.

---

[1] This is an under estimate as the ICR plan will sunset in 2028 at which point I will be forced onto IBR or RAP – both plans which have higher monthly payments for me than ICR.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 10, 2026, in Pensacola, Florida.

*/s/ Jessica A. Southern*

Jessica A. Southern