# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HEATHER HAVENS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, *et al.*,<br><br>Defendants. | No. 1:26-cv-816-LLA |

## DECLARATION OF ANTHONY LOWERY
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND STAY

I, Anthony Lowery, declare as follows:

1.    I am employed as a loan analyst by the United States Department of Education, a defendant in this action.

2.    I am over the age of 18, am competent to testify, and have personal knowledge of the facts and information set forth in this declaration, which are true and correct to the best of my knowledge, information, and belief. If called as a witness, I could and would testify competently to such facts under oath.

3.    I submit this declaration in support of Defendants' Motion to Dismiss and Opposition to Plaintiffs' Motion for Preliminary Injunction and Stay. I have personal knowledge of the matters set forth here because it is part of my responsibilities as a loan analyst to maintain the records of student borrower accounts, such as the loan accounts at issue in this case. To prepare this declaration, I reviewed borrower records that the Department of Education keeps and maintains in the course of its regularly conducted business activities. I also reviewed the declarations that Plaintiffs filed in support of their motion for preliminary injunction, ECF 19-3, ECF 19-4, ECF 19-5, ECF 19-6.

1

### General Comments

4. Plaintiffs filed their declarations before the Repayment Assistance Program (RAP) opened on July 1, 2026. Their declarations may not have considered RAP. In many cases, RAP payments may be lower than other plans' payments, although every plan has benefits and drawbacks. The Department of Education does not endorse any specific repayment plan.

5. If this Court determines that Plaintiffs were wrongly enrolled in IBR, Original ICR, PAYE, or RAP and should have been enrolled in REPAYE, and that their monthly payments under the former plans were higher than they would have been under REPAYE, the Department of Education has administrative tools to remedy the financial loss. Depending on the borrower's preference, the agency can either refund the overpayments or credit them toward the borrower's next payment(s), subject to the caveat that the Department of the Treasury controls the timing of refunds.

### Elizabeth Robeson

6. I have reviewed Plaintiff Elizabeth Robeson's declaration in support of Plaintiffs' motion for preliminary injunction. ECF 19-5. I have also reviewed her agency loan file.

7. Ms. Robeson says she is currently eligible for a discharge upon switching to an operative IDR plan. *Id.* ¶ 3. I confirmed this was correct.

8. On June 24, 2024, the day the U.S. District Court for the Eastern District of Missouri first enjoined loan forgiveness under the SAVE Plan, Ms. Robeson was enrolled in SAVE. *See* Preliminary Injunction, *Missouri v. Biden*, No. 4:24-cv-520-JAR (E.D. Mo. June 24, 2024), ECF 36. She did not receive a loan discharge before the June 24, 2024 injunction because she was not eligible for a discharge at that time. She appears to have become eligible for a discharge in October 2024, when the Department of Education processed a one-time payment count adjustment.

### Heather Havens

9. I have reviewed Plaintiff Heather Havens' declaration in support of Plaintiffs' motion for preliminary injunction. ECF 19-3. I have also reviewed her agency loan file.

10. Ms. Havens says she has four student loans and is currently eligible for a discharge on two of these loans upon switching to an operative IDR plan. *Id.* ¶ 9. I confirmed this was correct.

2

11.     On June 24, 2024, the day the U.S. District Court for the Eastern District of Missouri first enjoined loan forgiveness under the SAVE Plan, Ms. Havens was enrolled in SAVE. She did not receive a loan discharge before the June 24, 2024 injunction because she was not eligible for a discharge at that time. She appears to have become eligible for a discharge in August 2024, when the Department of Education processed a one-time payment count adjustment.

12.     Under REPAYE, Ms. Havens' remaining loans would not be dischargeable until 2031.

13.     Ms. Havens says that on June 22, 2026, she used the Department of Education's online loan simulator to calculate her expected loan repayment under the agency's loan plans. She says that "[b]ased on the calculations provided, the lowest IDR payment I am eligible for without REPAYE is $588 per month. That is $196 more per month than what I would be required to pay under REPAYE"—that is, $392/month. *Id.* ¶ 15.

14.     Ms. Havens' calculation of the lowest non-REPAYE IDR payment does not appear to be correct. It appears to assume that Ms. Havens' currently-dischargeable loans will remain in place. Under the currently-operative IBR and PAYE plans (but not REPAYE), monthly payments are capped at what they would be under the 10-Year Standard plan. *See* 34 C.F.R. § 685.209(f). Monthly payments under the 10-Year Standard plan are linked to the size of the borrower's loan balance.

15.     Ms. Havens says she has two loans that are not immediately eligible for discharge, with balances of $9,702.26 and $523.89, respectively. ECF 19-3 ¶ 7. Thus, her post-discharge loan balance would be $10,226.15.

16.     Based on Ms. Havens' expected post-discharge loan balance of $10,226.15 and her most recent personal information disclosures to the Department of Education (as of July 2023), Ms. Havens' monthly payment under the IBR plan would be $119/month, and her monthly payment under REPAYE would be $401/month.

### Anna Grunseth

17.     I have reviewed Plaintiff Anna Grunseth's declaration in support of Plaintiffs' motion for preliminary injunction. ECF 19-4. I have also reviewed her agency loan file.

18.     Under REPAYE, Ms. Grunseth's loans would not be dischargeable until 2037.

**William Boykin**

19.     I have reviewed Plaintiff William Boykin's declaration in support of Plaintiffs' motion for preliminary injunction. ECF 19-6. I have also reviewed his agency loan file.

20.     Under REPAYE, Mr. Boykin's loans would not be dischargeable until 2036. Mr. Boykin says he is eligible for a discharge under REPAYE after 11 years, *id.* ¶ 3, but that is wrong. REPAYE has a minimum payment term of 20 years.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 14th day of July 2026, at San Francisco, California.

Anthony Lowery

4