# Exhibit L

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

AMERICAN FEDERATION
OF TEACHERS, *et al.*,

      Plaintiffs,

      v.

U.S. DEPARTMENT OF EDUCATION,
*et al.*,

      Defendants.

No. 1:25-cv-802-RBW

---

## JOINT STATUS REPORT

The Parties, having conferred, provide the following joint status report. To resolve the pending Motion for Preliminary Injunction, ECF Nos. 44 & 49-1, and Motion for Class Certification, ECF No. 45, without the need for intervention from the Court, the Parties have agreed to the following, subject to the Court's approval:

1. The Parties respectfully ask the Court to deny without prejudice Plaintiffs' Motion for Preliminary Injunction, ECF No. 44 (including its Proposed Order, ECF No. 49-1).

2. The Parties respectfully ask the Court to deny without prejudice Plaintiffs' Motion for Class Certification, ECF No. 45.

3. The Parties respectfully ask the Court to stay Defendants' deadline to answer or otherwise respond to the First Amended Complaint (and all other applicable deadlines) pending further order of the Court.

4. Defendants will continue processing loan cancellations for borrowers who are eligible for cancellation under the Income-Based Repayment (IBR) plan.

5.  Defendants will not deny as ineligible any borrower applying for the IBR plan on the ground that the borrower lacks a "partial financial hardship," as previously defined by Section 493C(a)(3) of the Higher Education Act of 1965, 20 U.S.C. § 1098e(a)(3) (2024). Defendants will hold such borrowers' applications in abeyance until Defendants update their systems to allow for proper processing of these applications. Defendants affirm (and will state on studentaid.gov) that borrowers who applied for the IBR plan on or after July 4, 2025 and were denied on the basis that they lacked a partial financial hardship are invited to reapply.

6.  Defendants will continue processing loan cancellations for borrowers who are eligible for cancellation under the Original Income Contingent Repayment (ICR) and Pay As You Earn (PAYE) plans as long as these plans are in effect.

7.  Defendants will continue processing applications for Public Service Loan Forgiveness (PSLF) Buybacks.

8.  Defendants agree that for their internal purposes, the date a borrower becomes eligible to have their loans cancelled under the IBR, Original ICR, or PAYE plans constitutes the effective date of their loan discharge.

    a.  Defendants agree to not file an Internal Revenue Service (IRS) Form 1099-C for a borrower who becomes eligible for discharge in 2025 if the conditions in IRS Notice 2022-1 are met.

    b.  For avoidance of doubt, Defendants agree that for their internal purposes, when a borrower (1) has achieved eligibility under the Saving on a Valuable Education (SAVE) plan, (2) applies to transfer to one of the IBR, Original ICR, or PAYE plans on or before December 31, 2025, and (3) that application is approved on or after January 1, 2026—the date that borrower becomes eligible for cancellation under the new plan constitutes the effective date of their loan discharge, even if that date falls on or before the date the borrower's application was approved.

- 2 -

9. Pursuant to the above, Defendants confirm that any borrower who qualifies to have their loan discharged through an Income-Driven Repayment (IDR) plan (which includes IBR, Original ICR, and PAYE) will continue to be reimbursed for any payments made on the loan after the final payment that qualified them for discharge.

10. Plaintiffs acknowledge that the IRS and the U.S. Department of the Treasury, and not Defendants, have the final say on whether Defendants' student loan cancellations qualify as taxable income under Section 9675(a) of the American Rescue Plan Act of 2021, *previously codified at* 26 U.S.C. § 108(f)(5) (2023).

11. Defendants will file six status reports that provide public information about certain topics raised in this litigation. Defendants' first status report shall be due 30 days after the current lapse in federal government appropriations ends, and subsequent status reports will be due every 30 days thereafter.

12. After the filing of the sixth status report, the Parties will confer about the need for further reporting, and (if necessary) will inform the Court of their positions on whether further reporting is necessary.

13. Each status report will include the following information about the last full calendar month preceding the date of the report (*i.e.*, a status report due on November 15, 2025 will provide information about October 1 to October 30):

    a. The number of IDR plan applications that were received during the preceding month.

    b. The number of IDR plan applications that were pending at the end of the preceding month.

    c. The number of IDR plan applications that were decided during the preceding month. If possible, that number should be broken down by whether the application was approved or denied.

    d. The number of borrowers whose loans were discharged under an IDR plan during the preceding month. If possible, that number should be broken

- 3 -

down by whether the discharge was pursuant to the IBR, Original ICR, or PAYE plans.

    e.    The number of PSLF Buyback applications that were received during the preceding month.

    f.    The number of PSLF Buyback applications that were pending at the end of the preceding month.

    g.    The number of PSLF Buyback applications that were decided (that is, for which Defendants have completed processing) during the preceding month, broken down by the number that were approved versus denied.

    h.    The number of borrowers whose loans were discharged under PSLF during the preceding month.

14.    In Defendants' first status report, Defendants will explain the method that the Department of Education uses to identify borrowers whose loans are eligible for discharge through the IDR plans.

15.    In Defendants' first status report, Defendants will provide the number of borrowers whose applications for the IBR plan were denied on or after July 4, 2025, on the ground that the borrower lacked a partial financial hardship.

By agreeing to the foregoing, Defendants do not stipulate to or concede any factual or legal allegations that have been raised or could have been raised in this proceeding, including but not limited to any findings the Court would be required to make before granting injunctive relief.

The Parties respectfully request that the foregoing agreement be adopted by order of the Court.

Dated:  October 17, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

*/s/ R. T. Winston Berkman-Breen*
Julie Selesnick, DC Bar No. 485558
F. Paul Bland (*pro hac vice*)
BERGER MONTAGUE PC
1001 G Street, NW
Suite 400 East
Washington, DC 20001
T. 202.221.5279
F. 215.875.4604
jselesnick@bm.net
pbland@bm.net

MICHELLE BENNETT
Assistant Branch Director

*/s/ Winston Shi*
STEPHEN M. PEZZI (D.C. Bar No. 995500)
Senior Trial Counsel
WINSTON SHI (NY Bar No. 5747068)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
202-880-0387
winston.g.shi@usdoj.gov

E. Michelle Drake (*pro hac vice*)
John G. Albanese (*pro hac vice*)
BERGER MONTAGUE PC
1229 Tyler Street NE
Suite 205
Minneapolis, MN 55413
T. 612-594-5997
F. 612-584-4470
emdrake@bm.net
jalbanese@bm.net

*Counsel for Defendants*

Persis Yu, DC Bar No. 90014714
PROTECT BORROWERS (a fiscally sponsored
project of the Shared Ascent Fund)
1025 Connecticut Ave NW, #717
Washington, DC 20036
(202) 618-1328
persis@protectborrowers.org

R. T. Winston Berkman-Breen, NY Bar No.
5559372
Khandice Lofton (*pro hac vice*)
PROTECT BORROWERS (a fiscally sponsored
project of the Shared Ascent Fund)
40 Rector Street, 9th Floor
New York, NY 10006
(617) 959-4386
winston@protectborrowers.org
khandice@protectborrowers.org

*Attorneys for Plaintiffs*

- 5 -

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN FEDERATION OF TEACHERS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, *et al*.,<br><br>Defendants. | No. 1:25-cv-802-RBW |

## [PROPOSED] ORDER

Upon consideration of the Parties' Joint Status Report, it is hereby

**ORDERED** that Plaintiffs' Motion for Preliminary Injunction, ECF No. 44 (including its Proposed Order, ECF No. 49-1), is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that Plaintiffs' Motion for Class Certification, ECF No. 45, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that Defendants' deadline to answer or otherwise respond to the First Amended Complaint (and all other applicable deadlines) is **STAYED** pending further order of the Court. It is further

**ORDERED** that Defendants will continue processing loan cancellations for borrowers who are eligible for cancellation under the Income-Based Repayment (IBR) plan. It is further

**ORDERED** that Defendants will not deny as ineligible any borrower applying for the IBR plan on the ground that the borrower lacks a "partial financial hardship," as previously defined by Section 493C(a)(3) of the Higher Education Act of 1965, 20 U.S.C. § 1098e(a)(3) (2024), and that Defendants will hold such borrowers' applications in abeyance until Defendants update their systems to allow for proper processing of these applications. It is further

**ORDERED** that Defendants will state on studentaid.gov that borrowers who applied for the IBR plan on or after July 4, 2025 and were denied on the basis that they lacked a partial financial hardship are invited to reapply. It is further

**ORDERED** that Defendants will continue processing loan cancellations for borrowers who are eligible for cancellation under the Original Income Contingent Repayment (ICR) and Pay As You Earn (PAYE) plans as long as these plans are in effect. It is further

**ORDERED** that Defendants will continue processing applications for Public Service Loan Forgiveness (PSLF) Buybacks. It is further

**ORDERED** that for their internal purposes, Defendants shall use only the date a borrower becomes eligible to have their loans cancelled under the IBR, Original ICR, or PAYE plans as the effective date of their loan discharge. It is further

**ORDERED** that Defendants shall not file an Internal Revenue Service (IRS) Form 1099-C for a borrower who becomes eligible for discharge in 2025 if the conditions in IRS Notice 2022-1 are met. It is further

**ORDERED** that for their internal purposes, when a borrower (1) has achieved eligibility under the Saving on a Valuable Education (SAVE) plan, (2) applies to transfer to one of the IBR, Original ICR, or PAYE plans on or before December 31, 2025, and (3) that application is approved on or after January 1, 2026—the date that borrower becomes eligible for cancellation under the new plan constitutes the effective date of their loan discharge, even if that date falls on or before the date the borrower's application was approved. It is further

**ORDERED** that any borrower who qualifies to have their loan discharged through an Income-Driven Repayment (IDR) plan (which includes IBR, Original ICR, and PAYE) will continue to be reimbursed for any payments made on the loan after the final payment that qualified them for discharge. It is further

**ORDERED** that Defendants will file six status reports that provide public information about certain topics raised in this litigation. Defendants' first status report shall be due 30 days

- 2 -

after the current lapse in federal government appropriations ends, and subsequent status reports will be due every 30 days thereafter. It is further

**ORDERED** that after the filing of the sixth status report, the Parties will confer about the need for further reporting, and (if necessary) will inform the Court of their positions on whether further reporting is necessary. It is further

**ORDERED** that each status report will include the following information about the last full calendar month preceding the date of the report (*i.e.*, a status report due on November 15, 2025 will provide information about October 1 to October 30):

1. The number of IDR plan applications that were received during the preceding month.

2. The number of IDR plan applications that were pending at the end of the preceding month.

3. The number of IDR plan applications that were decided during the preceding month. If possible, that number should be broken down by whether the application was approved or denied.

4. The number of borrowers whose loans were discharged under an IDR plan during the preceding month. If possible, that number should be broken down by whether the discharge was pursuant to the IBR, Original ICR, or PAYE plans.

5. The number of PSLF Buyback applications that were received during the preceding month.

6. The number of PSLF Buyback applications that were pending at the end of the preceding month.

7. The number of PSLF Buyback applications that were decided (that is, for which Defendants have completed processing) during the preceding month, broken down by the number that were approved versus denied.

8. The number of borrowers whose loans were discharged under PSLF during the preceding month.

- 3 -

It is further

**ORDERED** that in Defendants' first status report, Defendants will explain the method that the Department of Education uses to identify borrowers whose loans are eligible for discharge through the IDR plans. It is further

**ORDERED** that in Defendants' first status report, Defendants will provide the number of borrowers whose applications for the IBR plan were denied on or after July 4, 2025, on the ground that the borrower lacked a partial financial hardship.

    **SO ORDERED** this _____ day of _____, 2025.


                                              _____

                                              United States District Judge