## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HEATHER HAVENS, *et al.*,

      Plaintiffs,

      v.

U.S. DEPARTMENT OF EDUCATION, *et al.*,

      Defendants.

No. 1:26-cv-816-LLA

## SECOND DECLARATION OF ANTHONY LOWERY
## IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO
## PLAINTIFFS' SUPPLEMENTAL DECLARATIONS

I, Anthony Lowery, declare as follows:

1.      I am employed as a loan analyst by the United States Department of Education (the agency), a defendant in this action.

2.      I am over the age of 18, am competent to testify, and have personal knowledge of the facts and information set forth in this declaration, which are true and correct to the best of my knowledge, information, and belief. If called as a witness, I could and would testify competently to such facts under oath.

3.      I submit this declaration in support of Defendants' Supplemental Brief In Response to Plaintiffs' Supplemental Declarations. I have personal knowledge of the matters set forth here because it is part of my responsibilities as a loan analyst to maintain the records of student borrower accounts. To prepare this declaration, I reviewed borrower records that the Department of Education keeps and maintains in the course of its regularly conducted business activities. I also reviewed the five non-party declarations that Plaintiffs filed in support of their motion for preliminary injunction, ECF 26, ECF 26-1, ECF 26-2, ECF 26-3, ECF 26-4.

1

## General Comments

4.    Under the statutory and/or regulatory terms of the agency's income-driven repayment (IDR) plans, the agency needs borrowers applying for IDR plans to submit certain personal data, such as their income; their marital status; their spouse's income (in certain cases); and their family size. Family size is relevant because the repayment formulae for several plans are calculated using the federal poverty guideline, which varies based on family size.

5.    The agency does not always have up-to-date information from borrowers. Thus, the information the agency may have on file may differ from a borrower's present-day data. Without a full and current data set, I cannot confirm whether a given borrower-declarant calculated her monthly payments correctly. I do have up-to-date information about borrowers' remaining loan balances. Except for Southern, whose loan balance is under $20,000, the declarants all have loan balances exceeding $100,000.

## Rachel Smith

6.    I have reviewed Rachel Smith's declaration in support of Plaintiffs' motion for preliminary injunction. ECF 26. I have also reviewed her agency loan file.

7.    Under REPAYE, Smith's loans would not be dischargeable before July 1, 2028.

8.    Smith says that her income was "about $123,000" in 2019, and that it "has not changed significantly since that time." *Id.* ¶ 8.

9.    The most recent income statement the agency has on file for Smith is $0, recorded in November 2019. If this were still the case, Smith's lowest monthly loan payment under any potentially applicable repayment plan would be $0.

## Jessica Haines

10.    I have reviewed Jessica Haines' declaration in support of Plaintiffs' motion for preliminary injunction. ECF 26-1. I have also reviewed her agency loan file.

11.    Under REPAYE, Haines' loans would not be dischargeable before July 1, 2028.

12.    Haines says that her income is "about $111,000." *Id.* ¶ 9.

2

13. The most recent income statement the agency has on file for Haines is $0, recorded in December 2024. If this were still the case, Haines' lowest monthly loan payment under any potentially applicable repayment plan would be $0.

14. Haines says that on July 10, 2026, she used the Department of Education's online repayment calculator to calculate her expected loan repayment under the agency's loan plans. She says that based on an income of about $111,000 and a family size of 2, "[t]he lowest fixed monthly payment available to me under the repayment plans the Department is currently offering is approximately $925 per month, under the Repayment Assistance Plan," and that she estimates that under REPAYE, her monthly payment would be $654.01. *Id.* ¶¶ 9-10.

15. Haines appears to have based her estimate on "*my* annual income." *Id.* ¶ 9 (emphasis added). However, Haines also references a spouse. *Id.* ¶ 12. Since REPAYE payments are calculated using a borrower's combined individual and spousal income, even if the spouses file taxes separately, Haines' estimate may be incorrect. I am unable to calculate Haines' monthly REPAYE payment without knowing her spouse's income, if any.

16. The Extended Graduated Repayment Plan would offer Haines loan payments starting at $691/month and rising to $1,274/month.

### Shanna Hayes

17. I have reviewed Shanna Hayes' declaration in support of Plaintiffs' motion for preliminary injunction. ECF 26-2. I have also reviewed her agency loan file.

18. Under REPAYE, Haines' loans would not be dischargeable before July 1, 2028.

19. Hayes does not disclose her income or family size on her declaration.

20. The most recent income statement the agency has on file for Hayes is $0, recorded in May 2024. If this were still the case, Hayes' lowest monthly loan payment under any potentially applicable repayment plan would be $0.

21. The most recent family size the agency has on file for Hayes is 1, recorded in May 2024.

22. Hayes says that on July 6, 2026, she used the Department of Education's online repayment calculator to calculate her expected loan repayment under the agency's loan plans. *Id.* ¶ 9. She says that under the Old IBR plan, her monthly payment would be $888, and estimates that under REPAYE, her monthly payment would be $591. *Id.* ¶ 10.

23. Based on a family size of 1 and an Old IBR payment of $888/month, I estimate that Hayes' adjusted gross income is $103,500.

### Jill Lomheim

24. I have reviewed Jill Lomheim's declaration in support of Plaintiffs' motion for preliminary injunction. ECF 26-3. I have also reviewed her agency loan file.

25. Under REPAYE, Lomheim's loans would not be dischargeable before July 1, 2028.

26. Lomheim says that her income is "about $113,000." *Id.* ¶ 11.

27. The most recent income statement the agency has on file for Lomheim is $0, recorded on May 26, 2026. If this were still the case, Lomheim's lowest monthly loan payment under any potentially applicable repayment plan would be $0.

28. The Extended Graduated Repayment Plan would offer Lomheim loan payments starting at $809/month and rising to $1,384/month.

### Jessica Southern

29. I have reviewed Jessica Southern's declaration in support of Plaintiffs' motion for preliminary injunction. ECF 26-4. I have also reviewed her agency loan file.

30. Under REPAYE, Southern's loans would be dischargeable before July 1, 2028. Her most recent qualifying payment would occur in 2026 due to various credits and adjustments.

31. Southern does not disclose her income or family size on her declaration.

32. The most recent income statement the agency has on file for Southern is $0, recorded in August 2023. If this were still the case, Southern's lowest monthly loan payment under any potentially applicable repayment plan would be $0.

33. In August 2023, Southern informed the agency that she was married but that her family size was 1.

4

34.    Southern says that on July 9, 2026, she used the Department of Education's online repayment calculator to calculate her expected loan repayment under the agency's loan plans. *Id.* ¶ 12. She says that under the Original ICR plan, her monthly payment would be $156. *Id.*

35.    Based on a family size of 2 (counting a spouse) and an Original ICR payment of $156/month, I estimate that Southern's adjusted gross income is $31,000.

36.    Based on an adjusted gross income of $31,000 and a family size of 2, I estimate that Southern's Old IBR payment would be $0/month.

37.    Based on a family size of 1 and an original ICR payment of $156/month, I estimate that Southern's adjusted gross income is $25,320.

38.    Based on an adjusted gross income of $25,230 and a family size of 1, I estimate that Southern's Old IBR payment would be $18/month.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 29th day of July 2026, at San Francisco, California.

_____
Anthony Lowery

5