**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

HEATHER HAVENS, *et al.*,

Plaintiffs,

v.

U.S. DEPARTMENT OF EDUCATION, *et al.*,

Defendants.

No. 1:26-cv-816-LLA

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully notify the Court that on July 30, 2026, another district court denied Plaintiffs' motion to intervene in a separate, earlier-filed action discussed in the parties' briefing here. *See* Order, *Missouri v. Trump*, No. 4:24-cv-520-JAR (E.D. Mo. July 30, 2026), ECF 116 (*Missouri* Order); ECF 24-1 (PI Opp.) at 4-6, 8-9 (discussing the *Missouri* case). The opinion is attached. The court held Plaintiffs' motion was untimely and prejudicial. *See Missouri* Order at 10. It declined to opine on the merits of this case. *See id.* at 3 n.1. Its reasoning is still relevant to at least the following three issues:

*First*, the court's order underscores that the balance of the equities and the public interest strongly favor the Government here. *See generally* PI Opp. at 38-40. The court recognized that disturbing the *Missouri* settlement would "obvious[ly]" prejudice the Government and cause "monumental upheaval," "requir[ing] the parties to relitigate matters that have been definitively settled." *Missouri* Order at 9-10.

*Second*, although Plaintiffs say the SAVE Plan was temporarily restored last February, *see* PI Opp. at 30, the *Missouri* court declined to say "[w]hether [its] February 27, 2026 order of dismissal required the [agency] to immediately re-operationalize the SAVE Plan." *Missouri* Order at 7-8. As the agency explained in its opening brief, an appellate court is "entitled to 'a reasonable opportunity to decide'" a motion to stay a district court order pending appeal. PI Opp. at 35 (quoting *Vermont v. Goldschmidt*, 638 F.2d 482, 485 (2d Cir. 1980)). In *Missouri*, the state plaintiffs "promptly acted to

1

challenge [the district court's dismissal order] and to preserve their interests." *Id.* at 34. The *Missouri* court similarly wrote that the parties—including Defendants—took "significant steps … to defend their requested vacatur on appeal following the order of dismissal." *Missouri* Order at 6-7 n.3.

Finally, the denial of the motion to intervene in *Missouri* likely moots Defendants' judicial estoppel argument (that is, unless Plaintiffs seek and obtain relief from the Eighth Circuit), *see* PI Opp. at 38, but this Court should still dismiss or stay Plaintiffs' SAVE Plan Final Rule-based claims on grounds of judicial comity, *see id.* at 36-38.

Dated: July 31, 2026            Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MICHELLE R. BENNETT
Assistant Branch Director
Federal Programs Branch

*/s/ Winston Shi*
WINSTON SHI (NY Bar No. 5747068)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel.: 202-880-0387
E-mail: winston.g.shi@usdoj.gov

*Counsel for Defendants*

2