# Exhibit D

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HEATHER HAVENS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, *et al.*,<br><br>Defendants. | No. 1:26-cv-816-LLA |

**CORRECTED SECOND DECLARATION OF ANTHONY LOWERY IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL DECLARATIONS**

I, Anthony Lowery, declare as follows:

1. I am employed as a loan analyst by the United States Department of Education (the agency), a defendant in this action.

2. I am over the age of 18, am competent to testify, and have personal knowledge of the facts and information set forth in this declaration, which are true and correct to the best of my knowledge, information, and belief. If called as a witness, I could and would testify competently to such facts under oath.

3. I submit this declaration in support of Defendants' Supplemental Brief In Response to Plaintiffs' Supplemental Declarations. I have personal knowledge of the matters set forth here because it is part of my responsibilities as a loan analyst to maintain the records of student borrower accounts. To prepare this declaration, I reviewed borrower records that the Department of Education keeps and maintains in the course of its regularly conducted business activities. I also reviewed the five non-party declarations that Plaintiffs filed in support of their motion for preliminary injunction, ECF 26, ECF 26-1, ECF 26-2, ECF 26-3, ECF 26-4.

**General Comments**

4. Under the statutory and/or regulatory terms of the agency's income-driven repayment (IDR) plans, the agency needs borrowers applying for IDR plans to submit certain personal data, such as their income; their marital status; their spouse's income (in certain cases); and their family size. Family size is relevant because the repayment formulae for several plans are calculated using the federal poverty guideline, which varies based on family size.

5. The agency does not always have up-to-date information from borrowers. Thus, the information the agency may have on file may differ from a borrower's present-day data. Without a full and current data set, I cannot confirm whether a given borrower-declarant calculated her monthly payments correctly. I do have up-to-date information about borrowers' remaining loan balances. Except for Southern, whose loan balance is under $20,000, the declarants all have loan balances exceeding $100,000.

**Rachel Smith**

6. I have reviewed Rachel Smith's declaration in support of Plaintiffs' motion for preliminary injunction. ECF 26. I have also reviewed her agency loan file.

7. Under REPAYE, Smith's loans would not be dischargeable before July 1, 2028.

8. Smith says that her income was "about $123,000" in 2019, and that it "has not changed significantly since that time." *Id.* ¶ 8.

9. Deleted.~~The most recent income statement the agency has on file for Smith is $0, recorded in November 2019. If this were still the case, Smith's lowest monthly loan payment under any potentially applicable repayment plan would be $0.~~

**Jessica Haines**

10. I have reviewed Jessica Haines' declaration in support of Plaintiffs' motion for preliminary injunction. ECF 26-1. I have also reviewed her agency loan file.

11. Under REPAYE, Haines' loans would not be dischargeable before July 1, 2028.

12. Haines says that her income is "about $111,000." *Id.* ¶ 9.

13. Deleted.~~The most recent income statement the agency has on file for Haines is $0, recorded in December 2024. If this were still the case, Haines' lowest monthly loan payment under any potentially applicable repayment plan would be $0.~~

14. Haines says that on July 10, 2026, she used the Department of Education's online repayment calculator to calculate her expected loan repayment under the agency's loan plans. She says that based on an income of about $111,000 and a family size of 2, "[t]he lowest fixed monthly payment available to me under the repayment plans the Department is currently offering is approximately $925 per month, under the Repayment Assistance Plan," and that she estimates that under REPAYE, her monthly payment would be $654.01. *Id.* ¶¶ 9-10.

15. Haines appears to have based her estimate on "*my* annual income." *Id.* ¶ 9 (emphasis added). However, Haines also references a spouse. *Id.* ¶ 12. Since REPAYE payments are calculated using a borrower's combined individual and spousal income, even if the spouses file taxes separately, Haines' estimate may be incorrect. I am unable to calculate Haines' monthly REPAYE payment without knowing her spouse's income, if any.

16. The Extended Graduated Repayment Plan would offer Haines loan payments starting at $691/month and rising to $1,274/month.

**<u>Shanna Hayes</u>**

17. I have reviewed Shanna Hayes' declaration in support of Plaintiffs' motion for preliminary injunction. ECF 26-2. I have also reviewed her agency loan file.

18. Under REPAYE, Haines' loans would not be dischargeable before July 1, 2028.

19. Hayes does not disclose her income or family size on her declaration.

20. Deleted.~~The most recent income statement the agency has on file for Hayes is $0, recorded in May 2024. If this were still the case, Hayes' lowest monthly loan payment under any potentially applicable repayment plan would be $0.~~

21. The most recent family size the agency has on file for Hayes is 1, recorded in May 2024.

22. Hayes says that on July 6, 2026, she used the Department of Education's online repayment calculator to calculate her expected loan repayment under the agency's loan plans. *Id.* ¶ 9. She says that under the Old IBR plan, her monthly payment would be $888, and estimates that under REPAYE, her monthly payment would be $591. *Id.* ¶ 10.

23. Based on a family size of 1 and an Old IBR payment of $888/month, I estimate that Hayes' adjusted gross income is $103,500.

**Jill Lomheim**

24. I have reviewed Jill Lomheim's declaration in support of Plaintiffs' motion for preliminary injunction. ECF 26-3. I have also reviewed her agency loan file.

25. Under REPAYE, Lomheim's loans would not be dischargeable before July 1, 2028.

26. Lomheim says that her income is "about $113,000." *Id.* ¶ 11.

27. Deleted.~~The most recent income statement the agency has on file for Lomheim is $0, recorded on May 26, 2026. If this were still the case, Lomheim's lowest monthly loan payment under any potentially applicable repayment plan would be $0.~~

28. The Extended Graduated Repayment Plan would offer Lomheim loan payments starting at $809/month and rising to $1,384/month.

**Jessica Southern**

29. I have reviewed Jessica Southern's declaration in support of Plaintiffs' motion for preliminary injunction. ECF 26-4. I have also reviewed her agency loan file.

30. Under REPAYE, Southern's loans would be dischargeable before July 1, 2028. Her most recent qualifying payment would occur in 2026 due to various credits and adjustments.

31. Southern does not disclose her income or family size on her declaration.

32. Deleted.~~The most recent income statement the agency has on file for Southern is $0, recorded in August 2023. If this were still the case, Southern's lowest monthly loan payment under any potentially applicable repayment plan would be $0.~~

33. In August 2023, Southern informed the agency that she was married but that her family size was 1.

34. Southern says that on July 9, 2026, she used the Department of Education's online repayment calculator to calculate her expected loan repayment under the agency's loan plans. *Id.* ¶ 12. She says that under the Original ICR plan, her monthly payment would be $156. *Id.*

35. Based on a family size of 2 (counting a spouse) and an Original ICR payment of $156/month, I estimate that Southern's adjusted gross income is $31,000.

36. Based on an adjusted gross income of $31,000 and a family size of 2, I estimate that Southern's Old IBR payment would be $0/month.

37. Based on a family size of 1 and an original ICR payment of $156/month, I estimate that Southern's adjusted gross income is $25,320.

38. Based on an adjusted gross income of $25,230 and a family size of 1, I estimate that Southern's Old IBR payment would be $18/month.

**Nature and Basis of Corrections to Declaration**

39. I signed the original version of this declaration on July 29, 2026. *See* ECF 27-1. That version contained incorrect information about the declarants' income disclosures due to an issue with the agency's National Student Loan Data Service (NSLDS) database. Namely, I said the most recent income statements the agency had on file for the declarants showed their incomes were $0, based on my review of the NSLDS database. That was wrong.

40. When a borrower applies for an IDR plan, NSLDS records their income as $0 when it has no data. That data can be missing for several reasons.

41. First, when a borrower authorizes the agency to directly obtain income information from the Internal Revenue Service (IRS), the agency uses the IRS data to calculate the borrower's monthly payment amount and then discards the data. That was the case for Jill Lomheim. It may also be the case for Jessica Southern, although I was unable to definitively confirm that.

42. Second, when a borrower's IDR application is cancelled, the agency does not retain within NSLDS the income information that borrower reported. That was the case for Jessica Haines and Shanna Hayes.

43. Third, a 2024 NSLDS system update caused certain older data to not show up. When Rachel Smith reported her income to the agency in 2019, the agency recorded her income in a data entry field that is no longer in use because of the 2024 system update. Thus, Smith's income now shows up in NSLDS as $0.

44. When I declared that "[t]he most recent income statement[s] the agency has on file for [the declarants] is $0," ECF 27-1 ¶¶ 9, 13, 20, 27, 32, that statement reflected my current knowledge at that time. I was not aware that NSLDS records a borrower's income as $0 when the system has no data.

45. I did not learn of this issue until after Plaintiffs filed supplemental non-party declarations disputing the foregoing claim in support of their reply in support of their motion for a preliminary injunction and stay. *See* ECF 29-2 through 29-6. Plaintiffs filed those declarations on the evening of Friday, August 7, and I reviewed those declarations on Monday, August 10.

46. My office investigated the issue. On Friday, August 14, we identified the relevant NSLDS errors and concluded that the portions of my declaration asserting $0 income figures for the declarants were factually incorrect. I was on leave on August 14, and thus, am submitting this declaration on the first business day I returned from leave.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 17~~29~~th day of ~~July~~ August 2026, at San Francisco, California.

____________________
Anthony Lowery