**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HEATHER HAVENS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | Civil Action No. 1:26-cv-816-LLA |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs respectfully move for leave to file the surreply attached as ECF attachment 1, limited to matter appearing for the first time in Defendants' reply in support of their motion to dismiss, ECF No. 32 ("Reply").

Although neither the Federal Rules of Civil Procedure nor this Court's Local Rules provide for surreplies, a district court has broad discretion to permit one "only to address new matters raised in a reply, to which a party would otherwise be unable to respond." *United States v. Williams*, 2025 WL 2639171, at *2 (D.D.C. Sept. 12, 2025) (LLA) (quoting *United States v. Hernandez*, No. 17-CR-51, 2023 WL 12088681, at *3 n.1 (D.D.C. Nov. 15, 2023)). A surreply is appropriate where the reply raises "truly new" arguments, but it "is not a vehicle for rehashing arguments that have already been raised and briefed by the parties." *Tsai v. United States*, 2025 WL 823891, at *3 (D.D.C. Mar. 14, 2025) (quoting *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011)). Courts consider "whether the movant's reply in fact raises arguments or issues for the first time, whether the non-movant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted." *United States v. Mejia*, 657 F. Supp. 3d 123, 130 n.3 (D.D.C. 2023) (quoting *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014)).

The proposed surreply is confined to matters that appears for the first time in the Reply. Plaintiffs do not seek to re-argue the meaning of any authority the parties have briefed.

First, the Reply asserts that Plaintiffs "simply ignore[d]" or failed to respond to arguments in Defendants' opening brief. Reply 3, 5, 20. Plaintiffs could not have anticipated those assertions, and the proposed surreply responds to them by identifying where in Plaintiffs' brief and in the existing record the arguments are addressed. Compare Reply 3 (stating that Plaintiffs "simply ignore[d]" Defendants' redressability argument), with Reply 5–6 (quoting and responding to Plaintiffs' answer to that argument at PI Reply 20). Defendants are of course entitled to assert forfeiture. But where the assertion is that Plaintiffs did not respond at all, and the record shows otherwise, a short surreply identifying the relevant pages will assist the Court — particularly because Plaintiffs have no further filing in which to supply them.

Second the Reply argues for the first time, in a footnote, that Plaintiff Havens "waived any standing claim" as to one of her alleged injuries. Reply 2 n.1. That argument appears nowhere in Defendants' opening brief. Compare ECF No. 24-1, at 15–19, with Reply 2 n.1.

Third, the Reply applies *In re Goebel*, --- F.4th ----, 2026 WL 2163962 (2d Cir. July 28, 2026), to Plaintiffs' claims for the first time. Reply 6. Plaintiffs do not contend that Defendants were foreclosed from citing the decision. But no party had cited *Goebel* when Plaintiffs filed their opposition ten days after it issued, and Plaintiffs were not required to anticipate and distinguish it. The proposed surreply addresses *Goebel* in a single section.

Fourth, the Reply characterizes the holding of *Iowa v. Wright*, 154 F.4th 918 (8th Cir. 2025), stating that the panel "did not resolve" the question presented here and "vacated the new rule without providing instructions on how to address the old rule." Reply 16. The proposed surreply is directed to the narrow point that the Reply's account of the panel's holding is contradicted by the opinion's text, which states that the predecessor rule "remains valid and will spring back into effect if this court

vacates the 2024 final rule." 154 F.4th at 952. An inaccurate representation about what an opinion holds, made in a brief to which Plaintiffs cannot otherwise respond, is properly addressed in a surreply, and the reporter text will assist the Court.

The remaining considerations favor leave. The proposed surreply will assist the Court, which is being asked to resolve a fully briefed motion on the papers: it supplies pin citations locating Plaintiffs' responses in the existing record and the reporter text of an opinion the Reply characterizes. And Defendants would not be prejudiced. The proposed surreply is four pages, raises no new claims or theories, and introduces no new facts. *See Tsai*, 2025 WL 823891, at *4 (finding no prejudice where a proposed surreply "does not introduce any new facts that would change the outcome") Nor would it occasion delay: briefing is complete and no hearing is scheduled.

Pursuant to Local Civil Rule 7(m), counsel for Plaintiffs conferred with counsel for Defendants by electronic mail on August 19, 2026, regarding this motion and endeavored to narrow the areas of disagreement. Defendants oppose the relief requested.

Plaintiffs respectfully request that the Court grant leave and direct the Clerk to docket the attached proposed surreply.

Dated: August 19, 2026

Respectfully submitted,

/s/ W. Austin Hinkle
William Austin Hinkle
D.C. Bar No. 90043756
Public Goods Practice LLP
1502 W 7th St. STE 100
Erie, PA 16502
(215) 931-9240

Paul Delaney Mayer (admitted pro hac vice)
D.C. Bar No. 1671773
Public Goods Practice LLP
1717 N Street NW STE 1
Washington, DC 20036

*Counsel for Plaintiffs*