**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HEATHER HAVENS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | Civil Action No. 1:26-cv-816-LLA |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A RESPONSE TO DEFENDANTS' NOTICE OF CORRECTED FILINGS**

Plaintiffs respectfully move for leave to file the response attached as ECF attachment 1 to Defendants' notice of corrected filings, ECF No. 31, which corrects Defendants' supplemental brief, ECF No. 27, and the Second Declaration of Anthony Lowery, ECF No. 27-1.

On August 17, 2026, ten days after Plaintiffs filed their reply, Defendants filed corrected versions of their supplemental brief and of a sworn declaration. ECF No. 31. The corrections are substantial. The corrected declaration deletes five paragraphs in their entirety, ECF No. 27-1 ¶¶ 9, 13, 20, 27, 32, and adds eight paragraphs of new sworn testimony describing the circumstances that produced the original errors, id. ¶¶ 39–46. The corrected brief also withdraws the assertion that four declarants "most recently reported incomes of $0," such that their payments "would also be $0, ruling out irreparable harm," ECF No. 27 at 3.

Defendants had opportunities to address the significance of their corrections in the corrected brief, which revised their argument after Plaintiffs' reply, and the notice transmitting it.

Plaintiffs have had no opportunity to address this new record material, which bears directly on issues fully briefed on the pending motion therefore the balance of the equities, the public interest, and the adequacy of Defendants' proposed mitigation measures. Where a party submits declaration

testimony at the close of briefing, the mechanism for the opposing party is to seek leave to respond. *See* Mem. Op. at 4 n.1*, Rivera v. U.S. Department OF Defense,* No. 1:23-cv-02150-LLA (D.D.C. Aug. 21, 2024), ECF No. 19 (noting that although the defendant "submitted this declaration with his reply brief," the plaintiff "did not seek to file a surreply to rebut it," and crediting the declaration).

The considerations governing such requests are satisfied. The material is new: it did not exist in the record when Plaintiffs filed. A short response will assist the Court, which is being asked to weigh the equities and the public interest on a record Defendants have revised. And Defendants would not be prejudiced. Plaintiffs' proposed response is three and a half pages, raises no new claims or theories, and introduces no evidence of its own. It cites only Defendants' corrections and the existing record. It occasions no delay: no hearing is scheduled and the motion remains ripe.

Pursuant to Local Civil Rule 7(m), counsel for Plaintiffs conferred with counsel for Defendants on August 19, 2026, regarding this motion. Defendants oppose the relief requested.

Plaintiffs respectfully request that the Court grant leave and direct the Clerk to docket the attached proposed response.

Dated: August 19, 2026

Respectfully submitted,

/s/ W. Austin Hinkle
William Austin Hinkle
D.C. Bar No. 90043756
Public Goods Practice LLP
1502 W 7th St. STE 100
Erie, PA 16502
(215) 931-9240

Paul Delaney Mayer (admitted pro hac vice)
D.C. Bar No. 1671773
Public Goods Practice LLP
1717 N Street NW STE 1
Washington, DC 20036

*Counsel for Plaintiffs*