**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

HEATHER HAVENS, et al.,

Plaintiffs,

v.

U.S. DEPARTMENT OF EDUCATION, et al.,

Defendants.

Civil Action No. 1:26-cv-816-LLA

**PLAINTIFFS' NOTICE OF RECENT DEVELOPMENTS**

Plaintiffs respectfully submit this Notice to update the Court on developments since briefing closed on Defendants' Motion to Dismiss (ECF No. 24) and Plaintiffs' Motion for a Preliminary Injunction (ECF No. 19) on August 17, 2026. See ECF No. 32. The developments concern the named Plaintiffs' accounts and the Department's transition of borrowers off the Saving on a Valuable Education ("SAVE") plan. They are set out in the attached supplemental declarations of each Plaintiff and of counsel. Plaintiffs do not seek relief by this Notice.

## I. The SAVE transition as to the named Plaintiffs

The Department's March 27, 2026 announcement of the transition off of SAVE stated that, beginning July 1, 2026, servicers would give SAVE enrollees "at least 90 days" to enroll in a different repayment plan, after which a borrower who had not applied would be placed on the Standard or Tiered Standard Plan. ECF No. 19-1 at 11 (citing Hinkle Decl. Ex. 4, ECF No. 19-2); see FAC ¶¶ 141(b), 144(b). The announcement did not describe any further notice.

In their June 25, 2026 motion to modify the briefing schedule, Defendants represented that "[n]o borrower will be required to move off the SAVE Plan until September 29, 2026 at the earliest." ECF No. 20 ¶ 10.

Beginning on or about September 30, 2026[1], after the first 90-day periods ended, servicers began sending borrowers a second notice, styled a "Final Notice," which states that the borrower will be placed into a repayment plan in 30 days and, absent a new application, on the Standard Repayment Plan. Suppl. Havens Decl. Ex. 1; 2d Suppl. Robeson Decl. Ex. 1. Each Final Notice states that the servicer "was directed by the U.S. Department of Education (ED) to move all borrowers out of the SAVE Plan." Suppl. Havens Decl. Ex. 1; see 2d Suppl. Robeson Decl. Ex. 1.

The named Plaintiffs' notices followed the same sequence: Ms. Havens's 90-day period ended on October 12 and her Final Notice issued on October 19; Ms. Robeson's ended on October 27 and hers issued on October 29. Suppl. Havens Decl. ¶ 4 & Ex. 1; 2d Suppl. Robeson Decl. ¶¶ 3–4 & Ex. 1. As of October 9, 2026, the Department's StudentAid.gov guidance stated: "If you don't act within that 90-day period, your servicer will send you a final 30-day notice." 2d Suppl. Hinkle Decl. ¶ 5 & Ex. 3, at 5.

As of the date of this Notice, none of the three Plaintiffs enrolled in SAVE has been moved to another repayment plan. Each remains in the forbearance the Department has applied to SAVE borrowers since July 2024. The current status of each Plaintiff is set out below.

## II. Plaintiff Heather Havens

Ms. Havens received a 90-day notice from Aidvantage dated July 14, 2026. Suppl. Hinkle Decl. Exs. 12–13, ECF No. 29-7. On October 19, 2026, Aidvantage sent her a Final Notice stating that she "will be Placed into a New Repayment Plan in 30 Days" and that, if she does not submit

[1]See also Ayelet Sheffey, *Student-Loan Borrowers Get Notices Saying They Have 30 More Days to Pick a New Repayment Plan*, Bus. Insider (Oct. 1, 2026) (Department spokesperson confirming final notices to borrowers noticed "on or around July 1"; "[t]he department has not publicly announced an extension of the 90-day timeframe"); Adam S. Minsky, *Education Department Sends Student Loan Borrowers 'Final Notices' With Ominous Warning*, Forbes (Oct. 16, 2026) (Department "confirmed in an update on its website this month" that servicers are sending final 30-day notices).

a new application within that period, she "will be placed on the Standard Repayment Plan." Suppl. Havens Decl. ¶ 4 & Ex. 1. Thirty days from October 19 is November 18, 2026. It is the earliest date on which any named Plaintiff has been told she will be placed in a different repayment plan.

Ms. Havens remains in the SAVE forbearance. Since the Final Notice, she has heard nothing further from Aidvantage or the Department, and neither has told her what her monthly payment will be. Id. ¶¶ 6–7.

## III. Plaintiff Elizabeth Robeson

Ms. Robeson received a 90-day notice from Nelnet on July 29, 2026. 2d Suppl. Robeson Decl. ¶ 3. On October 29, 2026, two days after that period ended, Nelnet sent her a Final Notice in the same terms as Ms. Havens's: she will be placed into a repayment plan in 30 days and, absent a new application, on the Standard Repayment Plan. *Id.* ¶ 4 & Ex. 1. Thirty days from October 29 is November 28, 2026.

Ms. Robeson remains in the SAVE forbearance. *Id.* ¶ 6.

## IV. Plaintiff Anna Grunseth

Ms. Grunseth received a 90-day notice from Nelnet on August 26, 2026. Suppl. Grunseth Decl. ¶ 3 & Ex. 1. That period ends on November 24, 2026. As of the date of this Notice, she has not received a Final Notice. She remains in the SAVE forbearance. *Id.* ¶¶ 5–6.

## V. Plaintiff William Boykin

The documents Mr. Boykin has received from Edfinancial and the Department do not agree on his repayment plan, his monthly payment, or his recertification date, and neither Edfinancial nor Defendants have answered his questions about them. Suppl. Boykin Decl. ¶¶ 7, 14.

Mr. Boykin applied on January 22, 2025, to change from SAVE to the Income-Based Repayment (IBR) plan. FAC ¶ 105; Boykin Decl. ¶ 2; Suppl. Boykin Decl. ¶ 2. Following a delay

in processing directed by the Department, Edfinancial processed the application a year later, on January 7, 2026. Suppl. Boykin Decl. ¶¶ 3–4 & Ex. 1.

Its Notice of Repayment Schedule Change states: "Your new monthly payment is now $0.00 and will begin on 01/14/26. Your repayment plan is: IDR," with a schedule of 20 payments of $0.00 beginning January 14, 2026, followed by 120 payments of $329.74 beginning September 14, 2027. Id. ¶ 4 & Ex. 2. A separate January 16, 2026 approval letter states a payment of $330.01 for a period beginning November 14, 2028. Id. ¶ 5. The Department's StudentAid.gov dashboard, however, lists his repayment plan as "Saving on a Valuable Education (SAVE) Plan," with a monthly payment of $0.00 and a recertification date of August 14, 2027. Id. ¶ 10 & Ex. 5. Neither Edfinancial nor the Department has explained the discrepancies, and Plaintiffs cannot. Id. ¶ 14.

Nearly a year before the end of his scheduled $0 payments, on September 15, 2026, Edfinancial issued a billing statement for $330.01, due October 14, 2026. *Id.* ¶ 6. On September 16, Mr. Boykin asked Edfinancial in writing whether the bill was an error. The next day, Edfinancial stated that it had processed his application on January 7, 2026, that "[t]he payment of $0.00 will start on 09/14/2026," and that it had "submitted a request for clarification about the payment reflected on your account for $330.01," with a processing time of 14 to 25 business days. Id. ¶ 7 & Ex. 3. Edfinancial has not responded further. *Id.* ¶ 7.

On October 11, 2026, after sending the initial bill for $330.01, Edfinancial sent a notice stating that he must recertify by December 10, 2026 or his payment "will increase to $330.01." *Id.* ¶ 8. A week later, it issued a statement showing the $330.01 past due, a current amount due of $660.02, and a warning that, if the delinquency is not resolved, Edfinancial "will report the past due status to all nationwide consumer reporting agencies." *Id.* ¶ 9 & Ex. 4. It repeated that warning in an October 25 letter. *Id.* ¶ 9. On October 28, 2026, Mr. Boykin submitted a recertification

application to Edfinancial through StudentAid.gov using his and his wife's current pay stubs. *Id.* ¶ 11. The Department's estimate for that application was $146 per month under IBR, the lowest payment among the plans offered.[2] *Id.* ¶ 11 & Ex. 6. Applying the REPAYE formula to the same inputs yields approximately $97 per month. Id. ¶ 11. REPAYE was not among the plans offered. *Id.*; see Boykin Decl. ¶ 5. On October 29, Edfinancial acknowledged the application and stated that processing would take 7 to 10 business days. Suppl. Boykin Decl. ¶ 13.

On November 5, 2026, Plaintiffs' counsel provided Defendants' counsel with the documents described above and asked that the Department investigate his payment plan and correct any errors identified; ask Edfinancial to hold his October 28 application and place him in a forbearance while that review is underway; and, if he should be on the $0 IDR plan he was told he was in, reinstate that plan. 2d Suppl. Hinkle Decl. ¶ 3 & Ex. 2. On November 6, 2026, Defendants' counsel responded that Defendants had "passed them on to ED" and, "[i]n the meantime," directed Mr. Boykin "to the usual channels for addressing these concerns." *Id.* As of the date of his declaration, Mr. Boykin has received no further communication from Edfinancial related to his inquiry. Suppl. Boykin Decl. ¶ 7.

## VI. Plaintiffs' request to Defendants

On November 2, 2026, Plaintiffs' counsel asked Defendants' counsel whether the Department would agree not to involuntarily transfer Ms. Havens, Ms. Robeson, or Ms. Grunseth off SAVE until the Court rules on the pending motions and, if the preliminary-injunction ruling is

[2]Mr. Boykin's June 2026 declaration estimated his lowest non-REPAYE payment at $124 per month, based on the Department's loan simulator and the information available to him at that time. Boykin Decl. ¶ 6. The $146 figure reflects the household income information he submitted to the Department on October 28, 2026. Suppl. Boykin Decl. ¶ 12.

appealed, until that appeal is resolved. 2d Suppl. Hinkle Decl. ¶ 2 & Ex. 1. The request was limited to those three Plaintiffs and to forced transfer. Id.

On November 3, 2026, Defendants' counsel responded that Defendants "do not agree to exempt [Plaintiffs] from the SAVE transition until appellate proceedings conclude," adding: "If they prefer to not make monthly payments under an operative plan, we've previously said in this litigation that borrowers can request a forbearance." *Id.* Later that day, Plaintiffs' counsel asked when Ms. Havens's and Ms. Robeson's loans would be moved off SAVE, and Defendants' counsel responded that he "do[es] not know when borrowers whose 30-day period has expired will be moved to new plans." *Id.* On November 6, 2026, Defendants' counsel stated that Defendants have "no further information to provide at this time." *Id.* Defendants also declined to join a status report and stated that they would consider consenting to a filing by Plaintiffs after reviewing a draft. Id. Plaintiffs provided Defendants a draft of this Notice on November 5, 2026, and on November 6, Defendants' counsel stated that Defendants "take no position on [Plaintiffs'] proposed filings." Id. ¶ 4 & Ex. 2.

Plaintiffs submit this Notice for the Court's information. As of its filing, no named Plaintiff has been involuntarily moved off the SAVE plan, and neither Ms. Havens's nor Ms. Robeson's loans have been discharged. Plaintiffs are available for a status conference at the Court's convenience.

Dated: November 9, 2026

Respectfully submitted,

/s/ William Austin Hinkle
William Austin Hinkle
DC Bar No. 90043756
Public Goods Practice, LLP
1502 W 7th St.

STE 100
Erie, PA 16502
(215) 931-9240
austin@publicgoodspractice.com

Paul Delaney Mayer
DC Bar No. 1671773
Public Goods Practice, LLP
1717 N Street NW, STE 1
Washington, DC 20036
(202) 893-9970
paul@publicgoodspractice.com

*Counsel for Plaintiffs*

**Attachments**

Attachment 1 — Supplemental Declaration of Heather Havens, with Exhibit 1 (Aidvantage Final Notice, Oct. 19, 2026)

Attachment 2 — Second Supplemental Declaration of Elizabeth Robeson, with Exhibit 1 (Nelnet Final Notice, Oct. 29, 2026)

Attachment 3 — Supplemental Declaration of Anna Grunseth, with Exhibit 1 (Nelnet 90-day notice, Aug. 26, 2026)

Attachment 4 — Supplemental Declaration of William Boykin, with Exhibits 1–6 (Edfinancial letter, June 19, 2025; Edfinancial Notice of Repayment Schedule Change, Jan. 7, 2026; Edfinancial correspondence, Sept. 16–17, 2026; Edfinancial statement, Oct. 18, 2026; StudentAid.gov dashboard, Oct. 28, 2026; StudentAid.gov payment estimate, Oct. 28, 2026 (income redacted))

Attachment 5 — Second Supplemental Declaration of W. Austin Hinkle, with Exhibits 1–3 (correspondence with Defendants' counsel, Nov. 2–6, 2026; correspondence with Defendants' counsel regarding Mr. Boykin and this Notice, Nov. 5–6, 2026; StudentAid.gov SAVE FAQ page, as archived Oct. 9, 2026)

**CERTIFICATE OF SERVICE**

I certify that on November 9, 2026, I filed the foregoing through the Court's CM/ECF system, which will serve all counsel of record.

*/s/ W. Austin Hinkle*
W. Austin Hinkle